†FRED BURKHARDT v. CINCINNATI (CITY) ET AL.

.CITY TO PAY COSTS OF REDUCING EXCESSIVE ASSESSMENT—INTEREST ON CORRECT AMOUNT ALLOWED FROM DATE OF DECREE.

Where plaintiff has acted promptly in bringing an action to compel a city to correct an excessive assessment, if successful, the costs should be taxed against the city, and interest on the amount justly due, should be allowed from the date the court so found, and not earlier.

Appeal from the Court of Common Pleas of Hamilton county.

SWING, J.

The plaintiff brought his action in the court of common pleas to restrain the comptroller of said city from certifying to the auditor of said city a certain assessment which had heretofore been made on plaintiff's property, claiming that said assessment was excessive.

The city passed an ordinance to improve the Madisonville Pike, and under said ordinance the improvement was made.

Plaintiff's land abutted on said pike, and his land in bulk not having been sub-divided, the council assessed plaintiff's land for the improvement in the sum of $4,489.26.

Upon the trial in the court of common pleas that court found that the assessment was excessive, and found the true amount to be assessed against the land at $3,129.65, with interest from January 20, 1888, and enjoined the collection of the excess.

The ordinance making the assessment was passed January 10, 1888, and provided for the payment of the assessments either in cash or in ten annual installments.

The plaintiff brought the case to this court on appeal. The parties stipulated that the finding of the court of common pleas should be taken for the purposes of this trial as being the correct amount for which an assessment should be made, except as to the interest, thus leaving for the consideration of this court the simple question, "should the court charge the plaintiff with interest on the sum found to be the true amount to be assessed?"

We have not been able to find in Ohio a case exactly in point, although the language in the third proposition of the case of Gest v. Cincinnati, 26 O. S., 275, would seem to cover the question here; but the facts in that case were, that while the court found the assessment invalid, the amount ultimately found to be properly chargeable against the party complaining was equal to the amount of the assessment, and it would seem from the opinion that this was the reason why interest was held to be chargeable.

Whereas, in this case, parties for the purposes of this trial agree that the true amount chargeable against plaintiff is much less than the amount assessed. The court say in the above case: "When the assessment proceedings are found defective, in ascertaining the amount properly chargeable against the lot owner, under section 550 of the municipal code, interest may be allowed from the time fixed for the payment of the assessment."

The language of sec. 2289, the section at present applicable to such cases, is as follows: "* * The court may nevertheless, on satisfactory proof that expense has been incurred which is a proper charge against said defendant, or lot or parcel of land in question, render judgment for the amount properly chargeable against such defendant, or on such lot or land." The language of this section

---

† Cited, but not followed in Fricke v. Cincinnati, 1 Ohio Dec., 671, 672.

is broad. It does not say "including interest," but if the court should find that to be a proper charge, of course, it would be within the terms of the statute.

In the case of Frazier v. Siebern, 16 O. S., 615, which was a case to enjoin the collection of taxes levied against holders of national bank stock, the court say, on p. 625: "It by no means follows, however, that the plaintiffs are entitled to an unconditional injunction against the collection of the tax; they ask equity, and must do equity; they invoke the exercise of an extraordinary power of the court for their relief, and the court in its discretion should refuse that relief, except upon conditions that are equitable and just."

The position occupied by the plaintiff in the above case is the same as that occupied by plaintiff here. The only question therefore is, what would be equitable and just to require of plaintiff before granting his relief.

This assessment was placed on plaintiff's property upon the theory that it was a benefit to him equal to the amount of the assessment, or more. The improvement has been made, and from that time the plaintiff has been the recipient of its benefits; at the same time the city has been paying the interest on this amount. It seems to us that he should pay interest on the amount found due by the court of common pleas from the time so found due, which was April 23, 1890. And especially since parties now both agree that the amount found by that court was the true amount. But we do not think the plaintiff should be chargeable with the interest from January, 1888. The amount of the assessment was largely in excess of the true amount. Plaintiff acted promptly in bringing his action to have it corrected, and it does not appear from the evidence that the improvement had been made or the money expended at that time.

The costs should be taxed to the city, as the party was compelled to bring the action to have the wrongful assessment corrected.

Kittredge, Wilby & Summers, for plaintiff.

City Solicitors, for defendant.